UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

JOSEPH DIBALA,                                    6:13-cv-01449-AA

      Plaintiff,

                                  OPINION AND ORDER

   v.

CAROLYN COLVIN,
Commissioner of Social
Security,

     Defendant.
_____

AIKEN, Chief Judge:

    Plaintiff Joseph Dibala brings this action pursuant to the Social Security Act (the Act), 42 U.S.C. §§ 405(g), to obtain judicial review of the decision of the Commissioner of Social Security ("Commissioner") denying his applications for disability insurance benefits (DIB) and supplemental security income (SSI) under Titles II and XVI of the Act. For the reasons set forth below, the Commissioner's decision is affirmed.

1 -   OPINION AND ORDER

BACKGROUND

On October 2, 2009, plaintiff filed applications for DIB and SSI. Tr. 16.  Plaintiff alleges his disability began March 31, 2008 due to being a "slow learner." Tr. 64.  His applications for DIB and SSI were denied initially on December 16, 2009, and upon reconsideration on April 2, 2010. Tr. 16. Plaintiff appeared in a hearing before Administrative Law Judge (ALJ) Mary Ann Poulose on July 8, 2011. Id.  ALJ Poulose issued a decision finding plaintiff not disabled under the Act on September 8, 2011. Tr. 24. At the time of the hearing, plaintiff was fifty-two years old and testified that he received a completion certificate for twelve grades of school. Tr. 32. Plaintiff previously held relevant work as a laborer and mail handler. Tr. 34-39.

DISCUSSION

Plaintiff submits that the ALJ's decision is based on legal error in that the ALJ disregarded three lay witness statements provided on the plaintiff's behalf.  When determining eligibility for Social Security disability benefits, an ALJ must consider the statements of lay witnesses and provide "germane" reasons to reject such statements. Lewis v. Apfel, 236 F.3d 502, 511 (9th Cir. 2001).  As discussed below, I find that the ALJ's reasons to discredit plaintiff were germane to the statements of

Karen Forcier and Robin Ekloff. Further, the ALJ's failure to
discuss Ms. Duda's statement was harmless error and does not
require remand.  See Molina v. Astrue, 674 F.3d 1104, 1122 (9th
Cir. 2012).

A.    Statements of Ms. Forcier and Mr. Ekloff

        Plaintiff argues that the ALJ erred in disregarding the
lay witness statement from Karen Forcier and Robin Ekloff.  Ms.
Forcier was plaintiff's supervisor at Garten Services and a
personal acquaintance of the plaintiff for over thirty years.
Tr. 171.  Ms. Forcier's statement says that while at work,
plaintiff "is hyperactive and gets really mad and is very easily
frustrated." Id.  She states that plaintiff has difficulty with
staying on task in a work environment. Id.  Ms. Forcier's
statement also indicates that the plaintiff's mother manages her
son's finances and paperwork. Id.  Finally, Ms. Forcier's
statement indicates that plaintiff "likes to hang around the
fire department but cannot do any real work there." Id.  The ALJ
acknowledged Ms. Forcier's statement in stating, "[the claimant]
relies on a witness statement from Karen Forcier, his former
employer, indicating the claimant has difficulty completing
tasks, needs constant reminders, angers easily, does not handle
authority well, is unable to make work decisions, and relies on

his mother to meet a majority of his personal and financial
needs." Tr. 21.

Ms. Ekloff worked as the General Manager at John's
Waterproofing Company and submitted a witness statement
concerning plaintiff's three years of employment. Tr. 173.  Mr.
Ekloff's statement says that "[i]t was extremely difficult for
[plaintiff] to remain on task," and that "he was not able to
conform to his responsibilities" despite efforts to modify his
work environment and duties. Id.  The ALJ acknowledged Ms.
Ekloff's statement by stating, "[t]he record also contains a
letter from Robin Ekloff, the general manager at a company where
the claimant worked for approximately three years, indicating
the claimant had difficulty staying on task." Tr. 21.

Contrary to plaintiff's suggestion, the ALJ clearly
acknowledged the lay witness statements in her written decision
and provided germane reasons to reject them. In addition to
directly addressing the lay witness statements individually, the
ALJ made note of her finding that the plaintiff performs
activities of daily living without significant difficulty. Tr.
21.  The ALJ also noted plaintiff's volunteer regimen with the
fire department, and his testimony that he is capable of driving
himself. Id.  Although he does not have a very active social
life and reports being harassed at work, the ALJ noted that

plaintiff does not get into fights with coworkers. Tr. 22.  The
ALJ acknowledged plaintiff's testimony that he had difficulty
keeping up with the pace during his employment at John's
Waterproofing Company. Tr. 21.  However, the ALJ also noted that
he had no difficulty performing his job in the mailroom with
Garten Services or with other employers. Id.  Finally, plaintiff
testified that he is able to hunt, fish, and scuba dive with
family members. Id.  In sum, he ALJ found, "[t]he claimant and
his mother testified at the hearing. Their testimony regarding
the claimant's functional limitations and abilities was
inconsistent with the extent of limitation outlined in the
letters written by Ms. Forcier and Ms. Ekloff." Id.  These
findings, and the statements concerning the plaintiff's
testimony at his hearing, suffice as germane reasons to reject
the lay witness statements from Ms. Forcier and Ms. Ekloff.

B.   Statement of Jeana Duda

     Plaintiff argues that the ALJ committed a legal error
because she failed to discuss the lay witness statement
submitted by Jeana Duda. In accordance with the Ninth Circuit's
decision in Molina, the omission of Jeana Duda's letter was
harmless error. In Molina, the ALJ rejected lay witness
testimony without explanation. Molina, 674 F.3d at 1122.  The
court determined that, "[a]lthough the ALJ erred in failing to

give germane reasons for rejecting the lay witness testimony, such error was harmless given that the lay testimony described the same limitations as Molina's own testimony, and the ALJ's reasons for rejecting Molina's testimony apply with equal force to the lay testimony." Id.

Jeana Duda's statement is similar to the testimony in question in Molina. Ms. Duda's statement discusses plaintiff's difficulties in school and lack of organizational skills as a child, as well as plaintiff's inability to foresee the repercussions of his own actions. Tr. 174.  Ms. Duda states that these difficulties are still present in the plaintiff's life. Id.  Ms. Duda also describes plaintiff's inability to "retain consistency, and improve upon the daily routine that was required of him," apparently resulting in the loss of a job he briefly held at a farm. Id.  Although the ALJ failed to give germane reasons for rejecting Jeana Duda's statement, I find that the ALJ provided substantial reasoning for finding plaintiff not disabled based on the statements and evidence cited.  Ms. Duda's statements are substantially similar to the statements Ms. Forcier and Ms. Ekloff have provided to the ALJ. Further, the lay witness statement did not mention any limitations beyond those the ALJ has already considered.  Thus, the ALJ's omission of Ms. Duda's statement was harmless error.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is AFFIRMED. The ALJ's findings are supported by substantial evidence in the record.

IT IS SO ORDERED.

Dated this 26th day of September, 2014.

_____
Ann Aiken
U.S. District Judge

7 -  OPINION AND ORDER